**No. 26-20186**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

UNITED STATES OF AMERICA
Plaintiff-Appellee,

v.

GERALD WILLIAMS, JR.
Defendant-Appellant.

---

Appeal from the United States District Court for the
Southern District of Texas, Houston Division
No. 4:24-CR-00371

---

# APPELLANT'S OPENING BRIEF

---

Brent Evan Newton
Attorney at Law
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, MD 20878
(202) 975-9105
brentevannewton@gmail.com

**Appointed Attorney for Appellant**
**Gerald Williams, Jr.**

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Local Rule 28.2.1, the undersigned counsel for Defendant-Appellant, Gerald Williams, Jr., certifies that the following persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal in this appeal.

1. The Honorable Lee H. Rosenthal, Senior United States District Judge (presided at sentencing).

2. The Honorable Yvonne Y. Ho, United States Magistrate Judge (presided at rearraignment).

3. Gerald Williams, Jr., Defendant-Appellant.

4. United States of America, Plaintiff-Appellee.

5. Counsel for Plaintiff-Appellee: Assistant United States Attorneys Michael Edward Day and Anthony Franklyn (in the district court) and Carmen Castillo Mitchell (on appeal).

6. Counsel for Defendant-Appellant: Edna Herrera Dinsdale (in the district court) and Brent Evan Newton (on appeal).

Respectfully submitted,

/s/ *Brent Evan Newton*

Brent Evan Newton

## STATEMENT CONCERNING ORAL ARGUMENT

Defendant-Appellant, Gerald Williams, Jr., does not request oral argument before the panel on the issue raised in this brief. As discussed below, that issue is foreclosed by Fifth Circuit precedent. He raises the issue in an adversarial manner at this juncture solely to preserve the issue for potential *en banc* review or review by the Supreme Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS……………………………………ii

STATEMENT CONCERNING ORAL ARGUMENT …………………………..iii

TABLE OF AUTHORITIES……………………………………………………v

STATEMENT OF JURISDICTION ………………………………………………1

STATEMENT OF THE ISSUE…………………………………………….....1

STATEMENT OF THE CASE………………………………………………….1

SUMMARY OF THE ARGUMENT……………………………………..……..3

ARGUMENT………………………………………………………………………4

CONCLUSION……………………………………………………………………9

CERTIFICATE OF SERVICE…….………………………………………..10

CERTIFICATE OF COMPLIANCE..…………………………………………11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bryan v. United States*,
524 U.S. 184 (1998) ....................6
*Ingram v. United States*,
360 U.S. 672 (1959) ....................5
*United States v. Antico*,
275 F.3d 245 (3d Cir. 2001) ....................8
*United States v. Arditti*,
955 F.2d 331 (5th Cir. 1992) ....................7
*United States v. Burfoot*,
899 F.3d 326 (4th Cir. 2018) ....................8
*United States v. Cabrera-Teran*,
168 F.3d 141 (5th Cir. 1999) ....................4
*United States v. Comstock*,
974 F.3d 551 (5th Cir. 2020) ....................7
*United States v. Cunningham*,
679 F.3d 355 (6th Cir. 2012) ....................8
*United States v. Henry*,
288 F.3d 657 (5th Cir. 2002) ....................4
*United States v. Hess*,
124 U.S. 483 (1888) ....................5
*United States v. Ismoila*,
100 F.3d 380 (5th Cir. 1996) ....................7
*United States v. Maddiwar*,
809 Fed. Appx. 49 (2d Cir. 2020) ....................8
*United States v. Maxwell*,
579 F.3d 1282 (11th Cir. 2009) ....................8
*United States v. Rogers*,
769 F.3d 372 (6th Cir. 2014) ....................8
*United States v. Shaddix*,
693 F.2d 1135 (5th Cir. 1989) ....................5
*United States v. Tanner*,
942 F.3d 60 (2d Cir. 2019) ....................8

*United States v. Torres*,
923 F.3d 420 (5th Cir. 2019) .......... 4
*United States v. Tum*,
707 F.3d 68 (1st Cir. 2013) .......... 8
*United States v. Wilson*,
884 F.2d 174 (5th Cir. 1989) .......... 4
*Walker v. United States*,
342 F.2d 22 (5th Cir. 1965) .......... 4

**Statutes**

18 U.S.C. § 371 .......... 7
18 U.S.C. § 3231 .......... 1
18 U.S.C. § 1343 .......... *passim*
18 U.S.C. § 1349 .......... *passim*
28 U.S.C. § 1291 .......... 1

**Rules**

Fed. R. App. P. 32(a)(5) .......... 11
Fed. R. App. P. 32(a)(6) .......... 11
Fed. R. App. P. 32(a)(7)(B) .......... 11
Fed. R. App. P. 32(a)(7)(B)(iii) .......... 11
Fed. R. App. P. 4(b) .......... 1

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1291. On April 13, 2026, Appellant Williams filed a timely notice of appeal from the district court's April 9, 2026 final judgment (ROA.277), pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. ROA.283.[1] The district court possessed jurisdiction under 18 U.S.C. § 3231.

## STATEMENT OF THE ISSUE

> Whether Count 33 of the superseding indictment is defective because it did not allege that Appellant Williams and his alleged coconspirators had acted "willfully."

## STATEMENT OF THE CASE

On May 8, 2025, a federal grand jury sitting in the Houston Division of the Southern District of Texas returned a superseding indictment charging 53 defendants, including Appellant Williams, with participating in schemes to defraud a Houston-area bail bond company, its surety, and the government by submitting false cosigner financial and employment information to obtain bail bonds on more favorable terms than the defendants qualified for. ROA.146. Count 33 charged appellant with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343. ROA.161-162. Count 33 specifically alleged that, beginning in or about

[1] The electronic record on appeal is cited as "ROA."

August 2021 and continuing through October 2021, Appellant Williams, then detained in the Harris County Jail on a $350,000 bond stemming from a murder charge, conspired with co-defendants Mary Brown, Antoinette Green, and Darris Lee to falsify and obtain falsified cosigner financial and employment records in order to qualify him for a bail bond he otherwise would not have received, and caused those falsified records to be transmitted by wire in interstate commerce. *Id.*

Williams moved to dismiss Count 33, adopting the arguments of all other codefendants who also moved to dismiss the same or similar charges. ROA.128; *see also* ROA.187 (district court's order recognizing that all codefendants adopted each other's motions). As adopted, the motion argued that the superseding indictment failed to allege a scheme with money or property as its object and also failed to allege that the defendants acted had "willfully." ROA.191-196.

The district court (Rosenthal, J.) denied the motion to dismiss in a Memorandum and Opinion. ROA.187-199. That ruling is the only one in this case that Williams's plea agreement does not foreclose him from challenging on direct appeal. ROA.217.

At the rearraignment on September 26, 2025, before Magistrate Judge Yvonne Y. Ho, Williams pled guilty to Count 33. ROA.386. To establish a factual basis for the plea, the prosecutor read into the record a proffer materially identical to Plea Agreement ¶ 14(c)-(g), describing the scheme by which Williams

and his co-conspirators falsified cosigner Julius Mapp's and Jamal Collins's financial and employment records – falsely inflating Mapp's reported income from American Auto Auction and falsely representing that Collins worked for Executive Cleaning – and transmitted the falsified records by electronic communication to Bond-Pro, Inc., a remote bail-underwriting services provider in Dahlonega, Georgia, resulting in $152,197 of Williams's bond obligation being based on the false information. ROA.396-399. The magistrate judge found the factual basis adequate to support the plea and recommended that the district court accept it (which the district court did). ROA.231-234, ROA.239, ROA.399.

On April 1, 2026, the district court, consistent with the plea agreement, imposed a sentence of six months of imprisonment, to run consecutively to Williams's undischarged state sentence in the 179th District Court of Harris County, Texas, Cause No. 1796635. ROA.277, ROA.371. The court also imposed two years of supervised release, waived the fine, and remitted the $100 special assessment on the government's motion. *Id.*

## SUMMARY OF THE ARGUMENT

Although he acknowledges that his arguments are foreclosed by prior binding panel precedent, Appellant Williams contends – solely to preserve the issue for potential *en banc* or Supreme Court review – that the district court erred by denying his motion dismiss Count 33 of the superseding indictment because it

did not allege that he and his alleged coconspirators had acted "willfully" (i.e., with awareness that their conduct was unlawful).

## ARGUMENT

### Count 33 of the Superseding Indictment Is Defective Because It Does Not Allege that Appellant Williams and His Coconspirators Had Acted "Willfully."

### A. Standard of Review

Because the sole issue raised on appeal was preserved in the court below and is an issue of law, this Court engages in *de novo* review. *United States v. Torres*, 923 F.3d 420, 422 (5th Cir. 2019).

### B. Both Wire Fraud and Conspiracy to Commit Wire Fraud Have "Willfulness" as an Essential Element.

To withstand a motion to dismiss, an indictment must "set forth each essential element of an offense." *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989); *see also United States v. Henry*, 288 F.3d 657, 660 (5th Cir. 2002) ("To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense."); *United States v. Cabrera-Teran*, 168 F.3d 141, 146 (5th Cir. 1999) ("To guarantee the right to be tried only after indictment, the grand jury must consider and find evidence supporting all of the crime's elements .... Requiring that all of the elements, rather than mere statutory

citations, appear on the face of the indictment helps to ensure that the grand jury has done this.”). Essential elements must be explicitly pleaded and cannot merely be implied from other language in the indictment. *Walker v. United States*, 342 F.2d 22, 26-27 & n.10 (5th Cir. 1965) (holding that “essential elements of a crime cannot be implied in an indictment”) (citing *United States v. Hess*, 124 U.S. 483, 486 (1888)). When a conspiracy is alleged, that charge necessarily includes the *mens rea* of the criminal object of the conspiracy. *United States v. Shaddix*, 693 F.2d 1135, 1139 (5th Cir. 1989) (“[T]he Supreme Court has instructed that the ‘conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself.’” (quoting *Ingram v. United States*, 360 U.S. 672, 678 (1959)).

Count 33 alleges:

> Beginning in or about August 2021 and continuing through in or about October 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants, MARY BROWN (1) GERALD WILLIAMS, JR. (37), ANTOINETTE GREEN (38) DARRIS LEE (39), did knowingly, unlawfully and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate commerce wire communications writings, signs, signals, and pictures in furtherance of the scheme, including causing a wire transmission of falsified documents in support of a bail bond, in order to obtain a bail bond for Co-Defendant Gerald Williams, Jr. (37), who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

ROA.161-162. Count 33 does not allege that Appellant Williams and his alleged conspirators acted willfully.

The district court rejected Appellant Williams's argument – adopted from another codefendant's motion to dismiss – that this charge was legally defective for failing to allege that Appellant Williams and his alleged conspirators had acted "willfully" – that is, for failing to allege that they "acted with knowledge that [their] conduct was unlawful," *Bryan v. United States*, 524 U.S. 184, 192 (1998). ROA.195-196. As the district court stated:

> The defendants concede that under Fifth Circuit precedent, a defendant need not act willfully to violate § 1343, but they urge this court to hold otherwise. (Docket Entry No. 812 at 5). The court is bound by Fifth Circuit precedent. Under the law in this circuit, willfulness is not an element of a wire fraud offense. The government's superseding indictment alleges that the defendants had the intent to both deceive and cheat the government and the insurance company by obtaining the bonds using false financial statements for third-party cosigners and thereby paying less for the bonds than they would have paid had they submitted accurate statements. The government has alleged that the defendants had the requisite *mens rea* to commit wire fraud.
>
> The defendants [also] argue that the indictment fails to allege that they acted with the specific intent necessary for conspiracy to commit wire fraud under § 1349. The indictment alleges that the defendants "'knowingly, unlawfully and intentionally combine, conspire, confederate and agree with others to commit the offense of wire fraud." (*Id.* at 4) (citing Docket Entry No. 890).
>
> The defendants take issue with the fact that the counts alleging wire fraud do not include the word "willfully." (*Id.*). The court finds

> that the government has met its pleading burden to allege specific intent under § 1349, as it is required to do. … The superseding indictment clearly alleges that the defendants knowingly, unlawfully, and intentionally conspired to devise a scheme to defraud the government and the insurance companies. (See Docket Entry No. 890 at ¶¶ 12, 15, 18, 21, 24, 27, 30, 33, 36, 39, 42). At the motion to dismiss stage, this is sufficient to allege that in conspiring to commit wire fraud, the defendants had both the "intent to further the unlawful purpose[,] and the level of intent required for proving the underlying substantive offense," and that the defendants "joined the conspiracy with the specific intent to defraud."

ROA.195-196 (citations omitted).

As was conceded in the district court,[2] Appellant Williams acknowledges that this panel is foreclosed by prior published decisions of other panels that willfulness is *not* an element of 18 U.S.C. § 1343 or § 1349 (and, thus, need not be pleaded in an indictment). *See, e.g.*, *United States v. Comstock*, 974 F.3d 551, 557 (5th Cir. 2020); *United States v. Ismoila*, 100 F.3d 380, 399 (5th Cir. 1996); *cf. United States v. Arditti*, 955 F.2d 331, 340 (5th Cir. 1992) (holding that willfulness is not an element of conspiracy in violation of 18 U.S.C. § 371 when "the state of mind [element] necessary for the substantive crime" does not require willfulness).

However, just as was done in the district court, Appellant Williams raises this issue in an adversarial manner here in order to preserve it for potential *en banc*

[2] The codefendant whose argument that Appellant Williams adopted – lead defendant Mary Brown – conceded at a pretrial hearing that, under Fifth Circuit precedent, "willfulness is not required to violate [18 U.S.C.] § 1343 or § 1349." ROA.196 (footnote 4). The argument was made to "preserve [this] issue[] for appeal." *Id.* Consistent with that concession, Appellant Williams raises the argument here.

or Supreme Court review. In that regard, he notes other circuits' precedents supporting his argument that willfulness is an element of both the object of the charged conspiracy (wire fraud, in violation of § 1343)[3] and also the § 1349 conspiracy itself.[4]

---

[3] *See, e.g.*, *United States v. Tanner*, 942 F.3d 60, 66 (2d Cir. 2019) (holding that the district court correctly instructed on the *mens rea* required for a conviction of honest services wire fraud when it required the jury to find that the "defendant participated in the scheme knowingly, *willfully*, and with specific intent to defraud") (emphasis added); *United States v. Rogers*, 769 F.3d 372, 377 (6th Cir. 2014) ("Wire fraud, as criminalized by the provisions of 18 U.S.C. § 1343, consists of three elements. The prosecution must establish "that the defendant devised or *willfully* participated in a scheme to defraud[,] that he used or caused to be used an interstate wire communication in furtherance of the scheme [,] and ... that he intended to deprive a victim of money or property. … Because Rogers was charged with conspiracy to commit wire fraud, 18 U.S.C. § 1349, the government also was required to establish beyond a reasonable doubt that 'two or more persons conspired, or agreed, to commit the crime of [wire fraud]' and 'that the defendant knowingly and voluntarily joined the conspiracy.'") (citations omitted; emphasis added); *United States v. Tum*, 707 F.3d 68, 72 (1st Cir. 2013) ("To prove wire fraud, the government had to show beyond a reasonable doubt his knowing and *willful* participation in a scheme to defraud and the use of interstate wires to further that scheme.") (emphasis added); *United States v. Antico*, 275 F.3d 245, 261 (3d Cir. 2001) ("To prove mail or wire fraud, the evidence must establish beyond a reasonable doubt (1) the defendant's knowing and *willful* participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of the mails or interstate wire communications in furtherance of the scheme.") (emphasis added).

[4] *See, e.g.*, *United States v. Maddiwar*, 809 Fed. Appx. 49, 50 (2d Cir. 2020) (affirming convictions for § 1349 conspiracy to commit wire fraud and bank fraud because evidence of the defendant's "knowing and *willful* participation in the conspiracy was sufficient") (emphasis added); *United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018) ("Conspiracy to commit wire fraud under 18 U.S.C. § 1349 requires a jury to find that (1) two or more persons agreed to commit wire fraud and (2) the defendant *willfully* joined the conspiracy with the intent to further its unlawful purpose.") (emphasis added); *United States v. Cunningham*, 679 F.3d 355, 373 (6th Cir. 2012) ("To secure a conviction for conspiracy to commit wire fraud, the government must prove beyond a reasonable doubt that the defendant knowingly and *willfully* joined in an agreement with at least one other person to commit an act of wire fraud and that there was at least one overt act in furtherance of the agreement.") (emphasis added); *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) ("To sustain the related conspiracy convictions the Government was required to prove that Maxwell knew of and *willfully* joined in the unlawful scheme to defraud ....") (emphasis added).

## CONCLUSION

For the forgoing reasons, Appellant Williams requests that this Court reverse his conviction and remand with instructions to dismiss Count 33. However, as discussed above, Appellant Williams recognizes that this panel is bound by prior panel decisions, which foreclose his argument, and makes this argument solely to preserve the issue for potential *en banc* or Supreme Court review. He thus would not oppose a motion for summary affirmance by the panel filed by appellee.

Dated: August 22, 2026

Respectfully submitted,

/s/ Brent Evan Newton

Brent Evan Newton
Attorney at Law
Texas Bar No. 00788115
19 Treworthy Road
Gaithersburg, MD 20878
(202) 975-9105
brentevannewton@gmail.com

**Appointed Attorney for Appellant Gerald Williams, Jr.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Brief for Appellant has been served by the Fifth Circuit electronic filing system on Assistant U.S. Attorney Carmen Castillo Mitchell, counsel for plaintiff-appellee, on this 22nd day of August, 2026.

/s/ *Brent Evan Newton*
Brent Evan Newton

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 2,380 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word version 14.0 in Times New Roman 14 point font.

3. This brief and the accompanying electronic copy of this brief comply with 5TH CIR. R. 31.1 because they have been converted into Portable Document File (PDF) format.

4. The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5TH CIR. R. 32.2.7, may result in the Court's striking the brief and imposing sanctions against the undersigned counsel.

/s/ *Brent Evan Newton*
Brent Evan Newton